UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

J.C.F.C. and M.R.P., individually, and as
Parents and Natural Guardians of J.C.F.R.,
a minor,

    Plaintiffs,                                      Case No:8:25-cv-1610

v.

THE SCHOOL BOARD OF MANATEE
COUNTY,

    Defendant.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, by and through the undersigned attorneys, and sue the Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA (hereinafter referred to as "MCSB") and alleges as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages which seeks relief pursuant to, *inter alia*, Title IX of the Educational Amendments of 1972, 20 U.S.C §1681, et. seq. This Court has jurisdiction over the Title IX claim in this action by virtue of federal question jurisdiction pursuant to 28 U.S.C §§ 1331, and 20 U.S.C. § 1681(a), et. seq. and over the state law claims of negligence pursuant to 28 U.S.C. § 1367.

2. At all times material, J.C.F.R., a minor, was a resident of Manatee County, Florida.

3. At all times material, MCSB, was and is a governmental entity responsible for administering safe and effective public schooling in Manatee County.

4. At all times material, MCSB operated Florine J. Abel Elementary School, a public elementary school in which J.C.F.C. was enrolled as a student (hereinafter referred to as "Abel Elementary").

5. At all times material, MCSB acted through its teachers, staff, employees, agents and/or servants operating the subject elementary school and is accordingly liable for the acts of such employees, agents and/or servants which were committed in the course and scope of their employment, agency or service.

6. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 as the Defendant is situated in Manatee County, Florida and all acts, errors, and omissions which give rise to this action occurred in Manatee County, Florida.

## PARTIES

7. At all relevant times, J.C.F.R., a minor, resided with his natural parents, Plaintiffs, J.C. and M.R.P., in Manatee County, Florida and was a student at Abel Elementary.

8. At all relevant times, Abel Elementary was and is now a public elementary school within the school district operated by MCSB.

9. At all relevant times, MCSB is and was the governing body of the School District in Manatee County, Florida, and is authorized to be sued for negligence by sections 768.28(5)(a) and 1000.41(4), Florida Statutes.

## CONDITIONS PRECEDENT

10. On May 8, 2024, a written statutory claim was presented to and filed with the Department of Insurance of the State of Florida and Defendant, MCBC, and served pursuant to § 768.28(6) of the Florida Statutes. A copy of the notice letter is attached hereto as Exhibit "A".

11. All other conditions precedent to the bringing of this action have been performed, have occurred, or have been waived.

## GENERAL ALLEGATIONS

12. In or around January of 2023, J.C.F.R. enrolled as a minor student of the subject elementary school, an entity within the Defendant, The School Board of Manatee County, Florida's, jurisdiction.

13. During the first half of the 2023/2024 school year, Plaintiff, J.C.F.R., was repeatedly sexually assaulted by a teacher's aide or paraprofessional named Angel Rodriguez Mercado (hereinafter referred to as "Rodriguez") during class at Abel Elementary on a daily basis up to and including November 7, 2023.

14. Rodriguez had a history of committing lewd and lascivious acts on other on other children enrolled at Abel Elementary before and/or on the day of each sexual assault on J.C.F.R.

15. Defendant did not offer interim protective measures, a safety plan, or ever truly investigate the allegations against Rodriguez.

16. MCSB refused and failed to promptly report the sexual assaults on J.C.F.R. to the police.

17. MCSB refused and failed to promptly report the sexual assaults to the Department of Children and Families ("DCF").

18. MCSB did not report the sexual assaults or the misconduct to the School Resource Officer.

19. MCSB never conducted an investigation.

20. MCSB authorized teaching accommodations for Rodriguez which required him to be monitored.

21. MCSB did not provide adult supervision of Rodriguez in accordance its requirements.

22. MCSB knew that without the adult supervision accommodation, Rodriguez posed a direct threat and had the propensity to sexually assault students, including J.C.F.R.

23. MCSB nevertheless allowed Rodriguez to occupy the same space as J.C.F.R. in violation of the Defendant's requirements.

24. No person was individually monitoring Rodriguez despite knowledge of prior history of committing physical assaults, and lewd and lascivious acts on others including but not limited to J.C.F.R.

25. Upon information and belief, MCSB suspended Rodriguez and then later terminated him.

26. Beginning in August, 2023, through the date of his termination, MCSB permitted Rodriguez to remain amongst the student body in communication and presence of J.C.F.R.

27. During this unsupervised time, the Rodriguez lured J.C.F.R. to his office in the school on a daily or almost daily basis until and including November 7, 2023.

28. Rodriguez proceeded to sexually assault J.C.F.R. in many ways, including, but limited to, inappropriate touching of J.C.F.R.'s body including his buttocks and genitals.

29. Rodriguez told J.C.F.R. that the abuse was their secret and would give the minor Plaintiff candy as a reward.

30. These encounters and the possibility of future encounters distressed J.C.F.R. and affected his education.

31. As a result of multiple sexual assaults inflicted upon J.C.F.R. by Rodriguez, J.C.F.R. suffered traumatic emotional and physical distress.

32. As a result of and due to the continued distress and psychological impact of the events, J.C.F.R. was forced to transfer classes.

**COUNT I – VIOLATION OF TITLE IX, 20 U.S.C §1681, ET. SEQ.**

33. Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

34. Plaintiffs bring this action to redress a hostile educational environment pursuant to Title IX, of the Education Amendments of 1972, 20 U.S.C. §1681 as more fully set forth herein.

35. Section 20 U.S.C. §1681(a) provides that "no person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any educational program or activity receiving Federal financial assistance…."

36. At all times material, Defendant, MCSB was receiving federal funding as contemplated by 20 U.S.C. §1681, et seq.

37. MCSB created and/or subjected J.C.F.R. to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §68(a), because:

   a. Minor plaintiff, J.C.F.R. was a member of a protected class;
   b. J.C.F.R. was subjected to lewd and lascivious actions on campus, amounting to sexual assault;
   c. J.C.F.R. was subjected to abuse and/or harassment based on age and sex;
   d. J.C.F.R. was subject to a hostile educational environment created by the Defendant's lack of policies and procedures and failure to prevent and properly investigate the sexual assault, abuse and harassment reported;
   e. J.C.F.R. was subjected to a hostile educational environment created by the Defendant's lack of proper supervision of the perpetrating employee on its campus.

38. The sexual assault deprived J.C.F.R. of access to educational opportunities or benefits provided by Abel Elementary including, but not limited to,

the educational opportunities J.C.F.R. missed while absent from classes due to the trauma and effects of the sexual assaults.

39. MCSB was on notice of the sexual assault of J.C.F.R. and failed to take action to protect J.C.F.R. and instead acted with deliberate indifference towards the rights and safety of J.C.F.R.

40. As a direct and proximate result of the Defendant's violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681, et seq., J.C.F.R. has suffered personal injury, emotional distress and psychological damage, pain and suffering, inconvenience, disability, loss of the ability to enjoy life, aggravation of a previously existing condition and medical, mental health and nursing expenses.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, reasonable attorney fees and a trial by jury on all issues so triable.

## COUNT II – NEGLIGENCE IN FAILING TO PROVIDE A SAFE ENVIRONMENT

41. Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

42. Defendant owed J.C.F.R. a heightened duty of care to its students, including J.C.F.R., to provide a safe environment free from any physical, mental and sexual assault or abuse.

43. MCSB failed to provide a safe environment by:

    a.) Failing to advise Plaintiffs of any policies, precautions or procedures which may have been available for their use when placed in an unsafe condition or in a situation wherein students felt they were victims of physical, mental and sexual assault;

    b.) Failing to ensure that existing policies and protocols designed for the protection of children while in Defendant's care were implemented and/or followed by Rodriguez and the other MCSB staff;

    c.) Failing to protect J.C.F.R., from an unsafe situation such as sexual, mental and physical assault or abuse.

    d.) Failing to keep J.C.F.R. free from sexual, physical and mental abuse from a teacher who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

    e.) Failing to provide adequate and proper supervision of Rodriguez, in order to prevent sexual, physical and mental abuse of J.C.F.R.;

    f.) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the minor Plaintiff, from physical, mental, and sexual abuse or assault;

    g.) Failing to adequately respond to the report of assault once it was made;

    h.) Failing to properly investigate the report of assault once it was made;

    i.) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the minor Plaintiff, from being subjected to physical, mental, and/or sexual abuse or assault;

    j.) Failing to adequately supervise J.C.F.R. to prevent incidents of abuse;

8

      k.)    Failing to take appropriate steps to ensure Rodriguez, as a staff member, did not have a history of violence or abuse;

      l.)    Creating a hostile learning environment for J.C.F.R.; and/or

      m.)    Otherwise failing to provide for the safety and well-being of J.C.F.R.

44. Further, MCSB engaged in a negligent mode of operation in the manner in which it conducted, ran, and otherwise operated Abel Elementary such that MCSB's conduct posed significant dangers to including, without limitation, J.C.F.R. J.C.F.R. is just one of multiple minors who were victimized by Rodriguez.

45. MCSB had a duty of care which required them to take reasonable precautions so as to minimize or eliminate the likelihood of a dangerous condition arising in the first instance. MCSB conducted itself in a manner that created a dangerous or unsafe condition by failing to take such precautions or by failing to ensure that any precautions taken were adequately and appropriately followed.

46. MCSB could reasonably anticipate that a dangerous condition would arise as a result of the way the offending teacher conducted himself, and as a result of its negligent mode of operation in this regard, J.C.F.R. suffered serious injuries.

47. MCSB'S negligence as described above caused J.C.F.R. to incur damages, including, but not limited to: bodily injury, great physical pain and suffering, disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, scarring, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability,

medical and child caring related expenses in the past and in the future incurred in seeking a cure for his injuries.

48. These losses are permanent and continuing in nature and J.C.F.R. will suffer them in the future as the injuries consist in whole or in part of a permanent injury within a reasonable degree of medical and/or psychological probability.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, and a trial by jury on all issues so triable.

## COUNT III – NEGLIGENCE

49. Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

50. MCSB owed J.C.F.R., as a student attending its school, a duty to properly supervise all students and children while under their care, custody or control; to properly train and advise their employees regarding the correct way to supervise and interact with students; to properly train and advise employees regarding correct procedures for reporting and investigating suspected sexual offenses by teachers and/or paraprofessionals; and to otherwise operate their elementary school in a reasonably safe manner; to provide a safe environment and to keep the minor Plaintiff safe from physical, mental, and sexual abuse.

51. MCSB breached its duty of care to the Plaintiffs through the following acts and omissions:

   a) Failing to prevent J.C.F.R. from being sexually assaulted on school grounds;

   b) Failing to enforce the school's own policies and procedures and the prevention of abuse of students, including sexual abuse;

   c) Failing to keep J.C.F.R. free from sexual, physical and mental abuse from a teacher who was known to the school, or through the exercise of reasonable care should have been known to the school, to engage in such acts of abuse;

   d) Failing to provide adequate and proper supervision of Rodriguez, in order to prevent sexual, physical and mental abuse of the students;

   e) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the minor Plaintiff, from sexual, physical and mental abuse;

   f) Failing to adequately respond to the report of assault once it was made;

   g) Failing to properly investigate the report of assault once it was made;

   h) Failing to provide sufficient and adequately trained staff and teachers in order to protect the students, including the minor Plaintiff, from being subjected to a hostile learning environment;

   i) Creating a hostile learning environment for J.C.F.R.; and/or

   j) Otherwise failing to provide for the safety and well-being of J.C.F.R.

52. MCSB'S negligence as described above caused J.C.F.R. to incur damages, including, but not limited to: bodily injury, great physical pain and suffering,

disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability, medical and child caring related expenses in the past and in the future incurred in seeking a cure for his injuries.

53. These losses are permanent and continuing in nature and J.C.F.R. will suffer them in the future as the injuries consist in whole or in part of a permanent injury within a reasonable degree of medical probability.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, and a trial by jury on all issues so triable.

## COUNT IV – NEGLIGENT HIRING

54. Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

55. Defendant owed a duty of reasonable care in hiring staff, including Rodriguez.

56. Defendant also owed a heightened duty of care to ensure the safety of students when hiring staff, like Rodriguez, who would be interacting with students regularly.

57. Defendant breached its duty of care by failing to conduct a sufficient background investigation of Rodriguez prior to hiring him.

58. Prior to hiring Rodriguez, Defendant failed to conduct a sufficient background investigation of Rodriguez by failing to complete one or more of the following:

    a. Obtaining a criminal background investigation on the prospective employee by requesting and obtaining from the Department of Law Enforcement a check of the information as reported and reflected in the Florida Crime Information Center system as of the date of the request;

    b. Making a reasonable effort to contact references and former employers of the prospective employee concerning the suitability of the prospective employee for employment;

    c. Requiring the prospective employee to complete a job application form that includes questions concerning whether he or she has ever been convicted of a crime, including details concerning the type of crime, the date of conviction and penalty imposed, and whether the prospective employee has ever been a defendant in a civil action for intentional tort, including the nature of the intentional tort and the disposition of the action; and/or

    d. Interviewing the prospective employee.

59. At the time Rodriguez was hired, he had a history of abusing children that either was not discovered due to Defendant's lack of diligence, or was discovered and ignored or dismissed.

60. Defendant further breached its duty of care by hiring Rodriguez despite his history of abusing children and allowed him unsupervised access to students, including J.C.F.R.

61. MCSB'S negligence as described above caused J.C.F.R. to incur damages, including, but not limited to: bodily injury, great physical pain and suffering, disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability, medical and child caring related expenses in the past and in the future incurred in seeking a cure for his injuries.

62. These losses are permanent and continuing in nature and J.C.F.R. will suffer them in the future as the injuries consist in whole or in part of a permanent injury within a reasonable degree of medical probability.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, and a trial by jury on all issues so triable.

## COUNT V – NEGLIGENT RETENTION

63.     Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

64.     Defendant owed a duty of reasonable care to protect J.C.F.R. from sexual, mental and physical abuse at the hands of its employees.

65.     Rodriguez's history of committing lewd and lascivious acts on others was known or should have been known to Defendant before and on the day of each sexual assault on J.C.F.R.

66.     Defendant breached its duty of care by:

    a.   Failing to adequately supervise Rodriguez such that the was allowed uninterrupted access to J.C.F.R. for a sufficient length of time to molest him on a daily or nearly daily basis from the beginning of the 2023/2024 school year up to and including November 7, 2023;

    b.   Failing to take appropriately investigate allegations of sexual abuse and lewd and lascivious acts against students committed by Rodriguez;

    c.   Failing to discharge, reassign or otherwise take necessary actions to protect students, including J.C.F.R., from Rodriguez;

    d.   Failing to take appropriate steps to notify Plaintiffs and other parents about Rodriguez's history of sexual abuse and lewd and lascivious acts against students;

  e. Failing to properly train its staff and faculty on policies and procedures intended to prevent sexual abuse and assault on students; and/or

  f. Otherwise failing to take necessary steps to supervise Rodriguez and ensure that he did not sexually assault or abuse the students, including J.C.F.R.

67. MCSB'S negligence as described above caused J.C.F.R. to incur damages, including, but not limited to: bodily injury, great physical pain and suffering, disability, inability and loss of capacity for the enjoyment of life, inconvenience, physical impairment, disfigurement, mental anguish, loss or diminution of earnings or earning capacity, aggravation of an existing disease or physical defect, permanent injury within a reasonable degree of medical probability, medical and child caring related expenses in the past and in the future incurred in seeking a cure for his injuries.

68. These losses are permanent and continuing in nature and J.C.F.R. will suffer them in the future as the injuries consist in whole or in part of a permanent injury within a reasonable degree of medical probability.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor, demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, and a trial by jury on all issues so triable.

## COUNT VI – PARENTAL DAMAGES FOR
## CARE AND TREATMENT OF MINOR CHILD

69. Plaintiffs incorporate herein by reference those allegations set forth in paragraphs 1 – 32 above as if fully set forth herein.

70. At all times material, J.C.F.C. and M.R.P. were the parents and natural guardians of J.C.F.R.

71. As a direct and proximate result of the negligent acts and omissions of MCSB, Plaintiffs, J.C.F.C. and M.R.P., have or will incur damages including:

    a. bills for medical and mental health care and treatment obtained by J.C.F.C. and M.R.P. for their child, J.C.F.R., in the past;

    b. bills for medical and mental health care and treatment to be obtained by J.C.F.C. and M.R.P. for their child, J.C.F.R., in the future until J.C.F.R. reaches the age of 18; and

    c. loss of earnings by J.C.F.C. and M.R.P. resulting from the need to care or provide care for their child, J.C.F.R., in the past and to be incurred in the future until J.C.F.R. reaches the age of 18.

WHEREFORE, Plaintiffs, J.C.F.C. and M.R.P. demand judgment against Defendant, THE SCHOOL BOARD OF MANATEE COUNTY, FLORIDA, for compensatory damages as allowed by law, interest, costs of this action, and a trial by jury on all issues so triable.

DATED THIS 20th day of June, 2025.

        **MALLARD | PEREZ, PLLC**
        889 N. Washington Blvd.
        Sarasota, FL 34236
        Telephone: (941) 952-1682
        Facsimile: (941) 378-1605

        /s/ Elizete D. Velado
        _____
        Elizete D. Velado, Esq.
        FBN: 99668
        Alan L. Perez, Esq.
        FBN: 0060409
        alan@mallardperez.com
        elizete@mallardperez.com
        joy@mallardperez.com
        Attorneys for the Plaintiff