UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

J.C.F.C. and M.R.P., individually,
and as parents and natural guardians
of J.C.F.R., a minor,

    Plaintiffs,

v.

                                                Case No: 8:25-cv-1610-TPB-ASS

THE SCHOOL BOARD OF
MANATEE COUNTY,

    Defendant.
_____/

## PLAINTIFF'S MOTION TO STRIKE AND FOR MORE DEFINITIVE STATEMENT AS TO DEFENDANT, MANATEE COUNTY SCHOOL BOARD'S AFFIRMATIVE DEFENSES

Plaintiffs, by and through undersigned counsel, files this Motion to Strike and for More Definitive Statement as to the Defendant's First, Second, Fourth, and Fifth Affirmative Defenses asserted by Defendant, MANATEE COUNTY SCHOOL BOARD, filed on August 1, 2025, and states:

1. This cause of action was initiated on June 20, 2025. Defendant timely filed its Answer and Affirmative Defenses on August 1, 2025. (Doc. 14).

2. Defendant's First Affirmative Defense alleges: "Defendant states that Plaintiffs are not entitled to relief to the extent that Plaintiffs failed to comply with

pre-suit notice requirements or conditions precedent to filing this lawsuit." (Doc. 14). However, Defendant does not allege with any specificity the way in which Plaintiff failed to comply with pre-suit notice requirements or conditions precedent to filing the lawsuit.

    3.    Defendant's Second Affirmative Defense alleges: "Defendant states that Plaintiffs are not entitled to relief to the extent that the claims are barred by the applicable statute(s) of limitations." (Doc. 14). However, Defendant fails to allege which, if any, claim is allegedly barred, or any facts which would support the legal conclusion that the statute of limitations had passed.

    4.    Defendant's Fourth Affirmative Defense alleges: "Plaintiffs are not entitled to relief to the extent that they lack standing to pursue any/all claims." (Doc. 14). However, the defense fails to allege any fact which would support a finding that the parents and natural guardians of the minor child damaged in this instance lack standing to bring a claim on their child's behalf.

    5.    Defendant's Sixth Affirmative Defense alleges: "Plaintiffs are not entitled to the relief sought to the extent that comparative negligence or third-party fault applies." This affirmative defense is legally insufficient because to include a nonparty on the verdict form pursuant to *Fabre*, the Defendants must plead as an affirmative defense the negligence of the nonparty and specifically identify the nonparty. *Nash v. Wells Fargo Guard Services*, 678 So. 2d 1262 (1996). Here, the

Defendant failed to specifically identify by name any allegedly negligent nonparties *and* specify that nonparty's negligence which resulted in injuries and damages to the Plaintiff.

6. For the reasons listed above and as discussed more fully below, Plaintiff submits that these Affirmative Defenses should be stricken or a more definite statement should be ordered.

## **MEMORANDUM OF LAW**

An affirmative defense is defined as "[a] defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003) (citations omitted). Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and this would include any qualifying affirmative defenses. "An affirmative defense should be stricken only when it is 'insufficient as a matter of law,' meaning that it is either 'patently frivolous' or 'clearly invalid as a matter of law.'" *Barrios v. Ferrellgas, L.P.*, 2010 WL 11622703 at *1 (M.D. Fla. Mar. 30, 2010) (citing *Advance Concrete Materials LLC v. Con-Way Freight, Inc.*, 2009 WL 2973265 at *2 (S.D. Fla. Sept. 11, 2009); *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995)).

An affirmative defense is sufficient if it includes "a short and plain statement of the claim showing the pleader is entitled to relief." *Torres v. TPUSA, Inc.*, 2009 WL 764466 at *2 (M.D. Fla. Mar. 19, 2009) (quoting Fed. R. Civ. P. 8(a)(2)). However, the pleader must "plead enough facts to state a plausible basis for the claim." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

    A.    The First Affirmative Defense should be stricken or amended to add more definite statement of the basis for the defense.

Defendant's First Affirmative Defense essentially alleges a failure by Plaintiff to comply with sovereign immunity notice requirements or other condition precedent to bringing the action. "While compliance with conditions precedent may be alleged generally, but denying such compliance must be done with particularity." *Torres*, 2009 WL 764466 at *1 (citing F.R.C.P. 9(c)). Here, the defense fails to plead with any specificity the failure or failures alleged. This defense should therefore be stricken or an amended pleading with more definite statement should be required.

    B.    The Second Affirmative Defense should be stricken or amended to add more definite statement of the basis for the defense.

The Second Affirmative Defense alleges that at least some portion of the claims may or might fall outside an applicable statute of limitations. "The statute of limitations is an affirmative defense which must be specifically pled." *Day v. Liberty Nat. Life Ins. Co.*, 122 F. 3d 1012, 1015 (citing F.R.C.P. 8(c)). The Florida legislature in 2010 determined that actions related to sexual abuse of a child under

the age of 16 "may be commenced at any time," as long as such action was not already time-barred on or before July 1, 2010. § 95.11, Fla. Stat. (2024). Essentially, claims related to an act of sexual abuse or assault of a child has no limitation period. Nevertheless, Defendant has not alleged any facts which, if taken as true, would support a finding that the claims raised by Plaintiffs are subject to any statute of limitations period which has passed. This defense should therefore be stricken or an amended pleading with more definite statement should be required.

    C.    The Fourth Affirmative Defense should be stricken or amended to add more definite statement of the basis for the defense.

As its Fourth Affirmative Defense, Defendant raises the issue of lack of standing. Technically and procedurally, lack of standing is a jurisdictional element, which cannot be waived, rather than an affirmative defense, which is waived if not raised. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) (finding that jurisdictional elements "are not mere pleading requirements but rather an indispensable part of the plaintiff's case." However, since a jurisdictional element can be raised at any time by any party, Plaintiff does not take issue with it being raised in the answer. However, the allegations of Plaintiffs complaint are sufficient to establish standing because the Plaintiffs are the parents and natural guardians of the minor child plaintiff, and the allegation of lack of standing does not include any specific factual allegations that would contradict or bring the issue of standing into dispute.

Because standing can neither be waived or eliminated, Plaintiffs submit that the defense as raised should be stricken at this time without prejudice to Defendant raising or arguing lack of standing in the future. *See Perrin v. Papa John's Int'l, Inc.*, 114 F. Supp. 3d 707, 723 (E.D. Mo. 2015). Otherwise, Plaintiffs request that Defendants be required to provide a more definite statement as to the basis for the allegation of a lack of standing.

    D.    The Sixth Affirmative Defense should be stricken or amended to add more definite statement of the basis for the defense.

Defendant's Sixth Affirmative Defense raises a *Fabre* defense, essentially alleging that the injuries claimed are due to the negligence of one or more non-party and seeking to have liability apportioned based on the non-parties' percentage of fault. *See generally Bearint v. Dorell Juvenile*, 389 F.3d 1339 (11th Cir. 2004); *Fabre v. Marin*, 623 So.2d 1182 (Fla. S.Ct. 1992) (overruled, in part, on other grounds). *Fabre* defenses must specify the identity of the negligent non-party. *Nash*, 678 So. 2d. at 1263. Since Defendants may learn the identity of such negligent non-party through discovery, Plaintiff submits that the defense should be stricken without prejudice, or Defendant should otherwise be required to state the identity and factual bases for the defense with specificity. *See Barrios v. Ferrellgas*, 2010 WL 11622703 at *2 (M.D. Fla. Mar. 30, 2010) (finding that failure to state the identity of a negligent non-party warranted the striking of a *Fabre* defense without prejudice).

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court strike the Defendants' First, Second, Fourth and Sixth Affirmative Defenses on the grounds set forth above, and for such other and further relief this Court deems just and proper under the circumstances.

## LOCAL RULE 3.03(g) CERTIFICATION

I certify that prior to filing this motion, I discussed the relief requested in this motion by telephone on August 21, 2025 and by email on August 21 and August 22, 2025 with the opposing party and Defendant agrees to a portion of the relief requested. Defendant agrees to provide a more definite statement as to these defenses, but not to the striking of the defenses.

Respectfully submitted through the Court's electronic filing portal this 22nd day of August, 2025.

> **MALLARD PEREZ, PLLC**
> 889 N. Washington Boulevard
> Sarasota, Florida 34236
> (941) 952-1682
> (941) 378-1605(fax)
>
> */s/ Elizete D. Velado*
> Alan L. Perez, Esq.
> FBN: 0060409
> Elizete D. Velado, Esq.
> FBN: 99668
> Alan@mallardperez.com
> elizete@mallardperez.com
> Joy@MallardPerez.com