**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

J.C.F.C. and M.R.P., individually,
and as parents and natural guardians
of J.C.F.C, a minor,

Plaintiffs,

v. Case No. 8:25-cv-1610-TPB-AAS

THE SCHOOL BOARD OF
MANATEE COUNTY, et al.,

Defendants.
________________________________________/

**ORDER GRANTING IN PART DEFENDANT KAREN JOHNSON'S MOTION TO DISMISS**

This matter is before the Court on "Defendant Karen Johnson's Motion to Dismiss Plaintiffs' Amended Complaint," filed on May 11, 2026. (Doc. 48). Plaintiffs J.C.F.C., M.R.P., and J.C.F.R. filed a response in opposition on May 29, 2026. (Doc. 52). After reviewing the motion, response, court file, and the record, the Court finds as follows:

## Background[1]

This case arises from incidents of child sexual abuse at Florine J. Abel Elementary School that were perpetrated by paraprofessional Angel Rodriguez Mercado, who has since been criminally charged with the underlying conduct. But

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

this is not the criminal case. Rather, this is a civil lawsuit – filed by J.C.F.R. (a minor) and his parents J.C.F.C. and M.R.P. – against Defendants The School Board of Manatee County, Karen Johnson (a teacher), and Samantha Webb (the school principal).

Plaintiffs allege that over consecutive school years, two separate students reported to Johnson that Rodriguez had touched them inappropriately. Johnson allegedly accused a female student who made the first report of lying and warned her that she would be sent to the principal's office, but Johnson later told an administrator (possibly Webb, according to Plaintiffs) about the report. The following year, a second student reported Rodriguez touching him inappropriately, and Johnson allegedly did nothing. Plaintiffs claim that Johnson also witnessed Rodriguez's "escalating grooming behaviors" and did nothing. Plaintiffs allege that Rodriguez sexually abused J.C.F.R. beginning in January 2023, and continuing through November 2023.

On November 8, 2024, Plaintiffs filed a lawsuit against Defendants. On February 17, 2026, Plaintiffs filed an amended complaint, asserting claims for: violation of Title IX as to the School Board (Count I), negligence in failing to provide a safe environment as to the School Board (Count II), negligence as to the School Board (Count III), negligent hiring as to the School Board (Count IV), negligent retention as to the School Board (Count V), parental damages for care and treatment of minor child as to the School Board (Count VI), Fourteenth Amendment violation as to Johnson (Count VII), parental damages for care and treatment of minor child as to Johnson (Count VIII), Fourteenth Amendment violation as to Webb (Count IX), and parental

damages for care and treatment of minor child as to Webb (Count X). Johnson has moved to dismiss the claims against her with prejudice.

## **Legal Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

## **Analysis**

In the motion to dismiss, Johnson argues that (1) Johnson, in her official capacity, is not a person subject to suit under 42 U.S.C. § 1983; (2) Johnson is entitled

to qualified immunity; (3) Plaintiffs have failed to state any claims as to Count VII; and (4) the derivative parental damages claim in Count VIII fails with Count VII.

***Official Capacity Claims***

As an initial matter, to the extent Counts VII and VIII assert claims against Johnson in her official capacity, those claims are due to be dismissed. An official capacity claim is, in all material respects, a claim against the governmental entity itself. Because Plaintiffs have also sued the School Board of Manatee County, any official capacity claims against Johnson are duplicative and will be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

***Individual Capacity Claims***

The Court must also consider, however, whether Plaintiffs state any individual capacity supervisory liability claims against Johnson under § 1983. Johnson asserts qualified immunity. Because Plaintiffs do not dispute that Johnson was acting within the scope of her discretionary authority as a classroom teacher at the time of the events, the burden shifts to Plaintiffs to allege facts showing both (1) that Johnson violated a constitutional right and (2) that the right was clearly established at the time of the alleged misconduct. *See Hartley v. Parnell*, 193 F.3d 1263, 1268 (11th Cir. 1999). Whether Plaintiffs have plausibly alleged a constitutional violation necessarily turns on the standards governing supervisory liability under § 1983.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates unless the supervisor personally participates in the alleged constitutional violation or there is a causal

connection between the actions of the supervising official and the alleged constitutional deprivation." *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (internal quotations and citations omitted). The amended complaint contains no allegation that Johnson personally participated in Rodriguez's alleged abuse of J.C.F.R. Accordingly, Plaintiffs must plausibly allege the requisite causal connection between Johnson's conduct and the alleged constitutional deprivation.

Plaintiffs' supervisory liability theory is insufficiently pleaded. The amended complaint alleges in conclusory fashion that Johnson was "placed in charge of . . . supervision of her paraprofessional, Rodriguez," but it pleads few factual allegations describing the nature or scope of Johnson's supervisory authority over Rodriguez. Plaintiffs do not allege facts plausibly showing what authority Johnson possessed with respect to Rodriguez's duties, whether she had authority to direct or restrict his interactions with students, whether she could remove him from her classroom, or otherwise explaining why Johnson qualifies as a supervisory official for purposes of § 1983. A bare allegation that Johnson "supervised" Rodriguez, without supporting factual allegations, is insufficient to plausibly establish supervisory liability.

Next, although the amended complaint alleges that Johnson failed to act after learning of Rodriguez's alleged misconduct, it does not plausibly allege facts establishing the causal connection necessary to impose supervisory liability under § 1983. The amended complaint contains few factual allegations plausibly explaining how Johnson's own conduct – as opposed to Rodriguez's criminal acts or the alleged

institutional failures of others – was the cause of the constitutional deprivation alleged by Plaintiffs.

Because the amended complaint does not plausibly allege facts establishing that Johnson personally violated a clearly established right under the demanding standards governing supervisory liability, Plaintiffs fail, at this stage, to overcome Johnson's assertion of qualified immunity.

The Court likewise concludes that Plaintiffs have failed to plausibly state an equal protection claim in Count VII. The Equal Protection Clause "confers a federal constitutional right to be free from sex discrimination." *Hill v. Cundiff*, 797 F.3d 948, 976 (11th Cir. 2015). Moreover, a school official may violate the Equal Protection Clause through deliberate indifference to sexual harassment or abuse where the deliberate indifference itself amounts to intentional discrimination. *See id.*

To state an equal protection claim under § 1983 based on sex discrimination, a plaintiff must plausibly allege that the defendant, acting under the color of state law, intentionally discriminated against the plaintiff because of sex, thereby depriving the plaintiff of equal protection of the laws. *See id.* While the amended complaint repeatedly characterizes Johnson's alleged conduct as sex discrimination, it contains no factual allegations plausibly supporting an inference that Johnson herself acted with discriminatory intent or treated similarly situated students differently because of sex. Although allegations of sexual abuse or harassment may, in appropriate circumstances, support an equal protection claim, such allegations do not automatically establish intentional discrimination by a supervisory official for purposes of the Equal Protection Clause. Plaintiff has failed to allege plausible facts

that would permit or support the inference that Johnson acted as she did because of the victims' sex.[2] As such, Plaintiffs' equal protection claim is due to be dismissed.

***Derivative Claims in Count VIII***

Johnson argues that because Count VII must be dismissed, Count VIII necessarily fails. Because Plaintiffs have failed to state a viable §1983 claim on behalf of J.C.F.R. at this time, J.C.F.C.'s and M.R.P's derivative claims also fail.

## Conclusion

This case presents a very tragic and unfortunate situation. Plaintiffs have chosen to pursue civil claims against persons and entities they believe are responsible, such as Johnson, but the amended complaint does not presently contain sufficient factual allegations to state a plausible claim for relief against Johnson under § 1983 or to overcome her assertion of qualified immunity.

The Court cannot conclude at this time, however, that amendment would necessarily be futile. The identified deficiencies concern the factual sufficiency of Plaintiffs' allegations regarding Johnson's supervisory authority, personal involvement, causal connection, and the constitutional theories asserted.

---

[2] The Court notes that, according to the amended complaint, one reporting child was female, and one reporting child was male. In addition, to the extent Plaintiffs allege that Johnson witnessed certain ongoing "grooming behaviors" in paragraph 104, Plaintiffs fail to identify the genders of any of the students involved. Although the involvement of both female and male students would not, standing alone, necessarily defeat an equal protection claim as a matter of law, it certainly undercuts an inference that Johnson acted or failed to act because of the victims' gender. Instead, it suggests that Johnson's alleged inaction was directed towards reports of alleged sexual abuse generally, rather than toward the reports of one gender or the other. As discussed below, the Court will grant leave to amend, but Plaintiffs are strongly encouraged to consider whether they can allege sufficient facts to support an equal protection claim against Johnson consistent with Rule 11.

Consequently, the Court will permit leave to amend, if Plaintiffs may do so in good faith.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Karen Johnson's Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 48) is **GRANTED IN PART**, as set forth herein.
2. Plaintiffs' amended complaint (Doc. 31) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.
3. Plaintiffs are directed to file a second amended complaint on or before August 7, 2026. Even if Plaintiffs do not intend to replead any dismissed claim, Plaintiffs shall file an amended complaint omitting the dismissed claims and identifying the claims that remain so that there is a single operative pleading. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE