**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

J.C.F.C. and M.R.P., individually,
and as parents and natural guardians
of J.C.F.R., a minor,

Plaintiffs,

v. Case No. 8:25-cv-1610-TPB-AAS

THE SCHOOL BOARD OF
MANATEE COUNTY, et al.,

Defendants.
________________________________________/

**ORDER GRANTING IN PART DEFENDANT SAMANTHA WEBB'S MOTIONS TO DISMISS**

This matter is before the Court on "Defendant Samantha Webb's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 47), filed on May 11, 2026, and "Defendant Samantha Webb's Corrected Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 49), filed on May 12, 2026. The Court treats the motions together. Plaintiffs J.C.F.C., M.R.P., and J.C.F.R. filed a response in opposition on May 29, 2026. (Doc. 53). After reviewing the motions, response, court file, and the record, the Court finds as follows:

**Background**[1]

This case arises from incidents of child sexual abuse at Florine J. Abel Elementary School that were perpetrated by paraprofessional Angel Rodriguez Mercado, who has since been criminally charged with the underlying conduct. But this is not the criminal case. Rather, this is a civil lawsuit – filed by J.C.F.R. (a minor) and his parents J.C.F.C. and M.R.P. – against Defendants The School Board of Manatee County, Karen Johnson (a teacher), and Samantha Webb (the school principal).

Plaintiffs allege that over consecutive school years, two separate students reported to Johnson that Rodriguez had touched them inappropriately. Johnson allegedly accused a female student who made the first report of lying and warned her that she would be sent to the principal's office, but Johnson later told an administrator (possibly Webb, according to Plaintiffs) about the report. The following year, a second student reported Rodriguez touching him inappropriately, and Johnson allegedly did nothing. Plaintiffs also allege that, during the following year, a parent complained directly to Webb after Rodriguez allegedly required a child to sit on his lap, but Webb failed to take further action in response. Plaintiffs allege that Rodriguez sexually abused J.C.F.R. beginning in January 2023, and continuing through November 2023.

On November 8, 2024, Plaintiffs filed a lawsuit against Defendants. On February 17, 2026, Plaintiffs filed an amended complaint, asserting claims for:

---

[1] The Court accepts as true the facts alleged in the complaint for purposes of ruling on the pending motion to dismiss. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."). The Court is not required to accept as true any legal conclusions couched as factual allegations. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

violation of Title IX as to the School Board (Count I), negligence in failing to provide a safe environment as to the School Board (Count II), negligence as to the School Board (Count III), negligent hiring as to the School Board (Count IV), negligent retention as to the School Board (Count V), parental damages for care and treatment of minor child as to the School Board (Count VI), Fourteenth Amendment violation as to Johnson (Count VII), parental damages for care and treatment of minor child as to Johnson (Count VIII), Fourteenth Amendment violation as to Webb (Count IX), and parental damages for care and treatment of minor child as to Webb (Count X). Webb has moved to dismiss the claims against her with prejudice.

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face." *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995). Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff." *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "[A] motion to dismiss should concern only the complaint's legal

sufficiency, and is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at *2 (M.D. Fla. 2009) (Lazzara, J.).

**Analysis**

In the motion to dismiss, Webb argues that (1) Webb, in her official capacity, is not a person subject to suit under 42 U.S.C. § 1983; (2) Webb is entitled to qualified immunity; (3) Plaintiffs have failed to state any claims as to Count IX; and (4) the derivative parental damages claim in Count X fails with Count IX.

***Official Capacity Claims***

As an initial matter, to the extent Counts IX and X assert claims against Webb in her official capacity, those claims are due to be dismissed. An official capacity claim is, in all material respects, a claim against the governmental entity itself. Because Plaintiffs have also sued the School Board of Manatee County, any official capacity claims against Webb are duplicative and will be dismissed. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

***Individual Capacity Claims***

The Court must also consider, however, whether Plaintiffs state any individual capacity supervisory liability claims against Webb under § 1983. Webb asserts qualified immunity. Because Plaintiffs do not dispute that Webb was acting within the scope of her discretionary authority as a school principal at the time of the events, the burden shifts to Plaintiffs to allege facts showing both (1) that Webb violated a constitutional right and (2) that the right was clearly established at the time of the

alleged misconduct. *See Hartley v. Parnell*, 193 F.3d 1263, 1268 (11th Cir. 1999). Whether Plaintiffs have plausibly alleged a constitutional violation necessarily turns on the standards governing supervisory liability under § 1983.

"It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates unless the supervisor personally participates in the alleged constitutional violation or there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010). The amended complaint contains no allegation that Webb personally participated in Rodriguez's alleged abuse of J.C.F.R. Accordingly, Plaintiffs must plausibly allege the requisite causal connection between Webb's conduct and the alleged constitutional deprivation.

Unlike Johnson, Plaintiffs plausibly allege that Webb possessed supervisory authority over Rodriguez by virtue of her position as principal. The question, however, is not merely whether Webb occupied a supervisory role, but whether Plaintiffs have plausibly alleged the personal involvement or causal connection necessary to impose supervisory liability under § 1983 as to Webb.

As such, Plaintiffs must plausibly allege the requisite causal connection. The amended complaint does not do so. Plaintiffs allege that Johnson reported an earlier allegation of inappropriate touching to an administrator who was "possibly" Webb. Plaintiffs further allege that, months later, a parent complained to Webb that Rodriguez had made another child sit on his lap. Accepting those allegations as true, the amended complaint nevertheless contains few factual allegations explaining what

Webb actually knew, when she learned it, what information was conveyed to her, what authority she exercised in response, or how her own conduct was causally connected to the constitutional deprivation alleged by Plaintiffs. The complaint likewise contains few factual allegations plausibly establishing the requisite causal connection between Webb's own conduct – as opposed to Rodriguez's alleged criminal acts or the alleged institutional failures of others – and the constitutional deprivation alleged by Plaintiffs.

Nor does the amended complaint plausibly allege facts establishing the sort of widespread abuse or deliberate indifference necessary to impose supervisory liability. Although Plaintiffs repeatedly characterize Webb's conduct as reflecting a custom of deliberate indifference, those allegations are largely conclusory. The complaint does not plausibly allege facts demonstrating that Webb had actual notice of a history of widespread abuse or other facts sufficient to establish supervisory liability under governing Eleventh Circuit precedent. *See Hartley*, 193 F.3d at 1269; *Doe*, 604 F.3d at 1266. "The deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." *Hartley*, 193 F.3d at 1269 (quoting *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990)).

Because Plaintiffs have not plausibly alleged facts establishing that Webb personally violated a clearly established constitutional right under the demanding standards governing supervisory liability, the amended complaint likewise fails, at this stage, to overcome Webb's assertion of qualified immunity. Here, Webb did not personally participate in any sexual abuse, and there the allegations pertaining to

prior inappropriate acts by Rodriguez that should have put Webb on notice that Rodriguez might commit such abuse are lacking. Nor is there any allegation that Webb, as principal, had any sort of policy in place prior to the sexual abuse that would have led Rodriguez to believe that sexual abuse of students was permitted by Webb. Therefore, assuming that J.C.F.R. had a substantive due process right to not be sexually abused by a school employee, Plaintiffs do not sufficiently allege that Webb deprived J.C.F.R. of that right. *See id.*

The Court likewise concludes that Plaintiffs have failed to plausibly state an equal protection claim in Count IX. The Equal Protection Clause "confers a federal constitutional right to be free from sex discrimination." *Hill v. Cundiff*, 797 F.3d 948, 976 (11th Cir. 2015). Moreover, a school official may violate the Equal Protection Clause through deliberate indifference to sexual harassment or abuse where the deliberate indifference itself amounts to intentional discrimination. *See id.*

To state an equal protection claim under § 1983 based on sex discrimination, a plaintiff must plausibly allege that the defendant, acting under the color of state law, intentionally discriminated against the plaintiff because of sex, thereby depriving the plaintiff of equal protection of the laws. *See Hill v. Cundiff*, 797 F.3d 948, 976 (11th Cir. 2015). While the amended complaint repeatedly characterizes Webb's alleged conduct as sex discrimination, it contains no factual allegations plausibly supporting an inference that Webb herself acted with discriminatory intent or treated similarly situated students differently because of sex. Although allegations of sexual abuse or harassment may, in appropriate circumstances, support an equal protection claim, such allegations do not automatically establish intentional discrimination by a

supervisory official for purposes of the Equal Protection Clause. Plaintiffs have failed to allege plausible facts that would permit or support the inference that Webb acted as she did because of the victims' sex.[2] As such, Plaintiffs' equal protection claim is due to be dismissed.

***Derivative Claims in Count X***

Webb argues that because Count IX must be dismissed, Count X necessarily fails. Because Plaintiffs have failed to state a viable §1983 claim on behalf of J.C.F.R. at this time, J.C.F.C.'s and M.R.P's derivative claims also fail.

**Conclusion**

This case presents a very tragic and unfortunate situation. Plaintiffs have chosen to pursue civil claims against persons and entities they believe are responsible, such as Webb, but the amended complaint does not presently contain sufficient factual allegations to state a plausible claim for relief against Webb under § 1983 or to overcome her assertion of qualified immunity.

[2] The Court notes that, according to the amended complaint, one of the students who allegedly reported inappropriate touching to Johnson was female and another was male. The amended complaint alleges only that Johnson "possibly" informed Webb of the report by the female student, and it is not clear whether Webb was aware of the report involving the male student. Likewise, the amended complaint does not identify the gender of the child whose parent allegedly complained directly to Webb on March 7, 2023, nor does it identify the genders of the students involved in the alleged "grooming behaviors" referenced in paragraph 121. Although the involvement of both female and male students would not, standing alone, necessarily defeat an equal protection claim as a matter of law, it certainly undercuts an inference that Webb acted or failed to act because of the victims' gender. Instead, the amended complaint suggests that Webb's alleged inaction was directed towards reports of alleged sexual abuse generally, rather than toward the reports of one sex or the other. As discussed below, the Court will grant leave to amend, but Plaintiffs are strongly encouraged to consider whether they can allege sufficient facts to support an equal protection claim against Webb consistent with Rule 11.

The Court cannot conclude at this time, however, that amendment would necessarily be futile. The identified deficiencies concern the factual sufficiency of Plaintiffs' allegations regarding Webb's knowledge, personal involvement, causal connection, and the constitutional theories asserted. Consequently, the Court will permit leave to amend, if Plaintiffs may do so in good faith.

Accordingly, it is **ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant Samantha Webb's Motion to Dismiss Plaintiff's Amended Complaint" (Doc. 47) and "Defendant Samantha Webb's Corrected Motion to Dismiss Plaintiffs' Amended Complaint" (Doc. 49) are **GRANTED IN PART**, as set forth herein.
2. Plaintiffs' amended complaint (Doc. 31) is **DISMISSED WITHOUT PREJUDICE**, with leave to amend.
3. Plaintiffs are directed to file a second amended complaint on or before August 7, 2026. Even if Plaintiffs do not intend to replead any dismissed claim, Plaintiffs shall file an amended complaint omitting the dismissed claims and identifying the claims that remain so that there is a single operative pleading. Failure to do so will result in this Order becoming a final judgment.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 24th day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE