**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**J.C.F.C. and M.R.P., individually, and as parents and natural guardians of J.C.F.R., a minor,**

**Plaintiffs,**

**v.** **Case No: 8:25-cv-1610-TPB-AAS**

**THE SCHOOL BOARD OF MANATEE COUNTY, KAREN JOHNSON, and SAMANTHA WEBB,**

**Defendants.**

**_______________________________________/**

# ORDER

Non-party witnesses Z.O. and Y.O. (collectively, the non-party witnesses) move to quash the subpoenas served on them or, in the alternative, for a protective order. (Doc. 63). The School Board of Manatee County, Florida (School Board) opposes the motion. (Doc. 65).

## I. BACKGROUND

This case arises from alleged child sexual abuse at Florine J. Abel Elementary School by paraprofessional Angel Rodriguez Mercado. (Doc. 31). This action was filed by J.C.F.R., a minor, and his parents, J.C.F.C. and M.R.P. (collectively, the plaintiffs), against the School Board, Karen Johnson (a teacher), and Samantha Webb (the principal). (*Id.*). The plaintiffs' amended

complaint asserts claims against the School Board for Title IX violations, negligence, negligent hiring, negligent retention, and parental damages related to the care and treatment of a minor child (Counts I–VI); against Johnson for a Fourteenth Amendment violation and derivative parental damages (Counts VII–VIII); and against Webb for a Fourteenth Amendment violation and derivative parental damages related to the care and treatment of a minor child (Counts IX–X).[1] (*Id.*).

On April 17, 2026, the School Board noticed the non-party witnesses' depositions, and the subpoenas were served through the Sheriff's Office on July 31, 2026. The depositions were scheduled for August 21, 2026. (Doc. 74). The day before the scheduled depositions, the non-party witnesses' counsel filed the instant motion to quash the subpoenas or for a protective order. (Doc. 63). The court stayed the depositions and directed the School Board to respond to the motion. (Doc. 64) The School Board timely responded in opposition to the non-party witnesses' motion. (Doc. 65).

## II. ANALYSIS

### A. Motion to Quash

Federal Rule of Civil Procedure 45 governs the subpoena process and its

[1] The claims against Johnson and Webb were dismissed without prejudice. (Docs. 57, 58).

parameters. See Fed. R. Civ. P. 45. Rule 45 explains when a court must, or may, quash or modify a subpoena:

> *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
>
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.
>
> *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
>
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)–(B).

Importantly, these rules specify that the proper court in which to request action in response to a subpoena is "the court for the district *where compliance is required*." Fed. R. Civ. P. 45(d)(3) (emphasis added). Therefore, motions to quash or modify a subpoena "may only be filed in the district court where

compliance is required." U.*S. Equal Empl. Opportunity Comm'n v. O'Reilly Auto. Stores, Inc.*, No. 6:19-CV-882-ORL-31LRH, 2020 WL 13547829, *3 (M.D. Fla. Sept. 17, 2020) (citation omitted); *see Bernath v. Seavey*, No. 2:15-cv-358-FtM-99CM, 2017 WL 11025770, at *2 (M.D. Fla. May 9, 2017) ("Accordingly, pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), the Middle District of Florida is not 'the district where compliance is required' and lacks the jurisdiction to quash this subpoena."). Rule 45 distinguishes the "issuing court" and the "court of compliance." *Lincare Inc. v. Tinklenberg*, No. 8:20-CV-1002-T-02AAS, 2020 WL 6484994, *2 (M.D. Fla. Nov. 4, 2020).

The non-party witness subpoenas direct compliance in West Liberty, Iowa. (*See* Doc. 74). Therefore, this court is without authority to quash them. *See Bernath*, 2017 WL 11025770, at *2.

**B. Motion for Protective Order**

Unlike quashing the subpoenas, this court can grant or deny a protective order. Federal Rule of Civil Procedure 26(c)(1) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from

> annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> > (A) forbidding the disclosure or discovery;
> >
> > (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
> >
> > (C) prescribing a discovery method other than the one selected by the party seeking discovery;
> >
> > (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
> >
> > (E) designating the persons who may be present while the discovery is conducted;
> >
> > (F) requiring that a deposition be sealed and opened only on court order;
> >
> > (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
> >
> > (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1)(A)–(H).

The party or person moving for a protective order must show "good cause" exists for the court to issue such an order. *Id.*; *Auto-Owners Ins. Co. v. S.E. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). A showing of good cause "contemplates a particular and specific demonstration of fact as

distinguished from stereotyped and conclusory statements." *U.S. Equal Empl. Opportunity Comm'n*, No. 6:19-CV-882-ORL-31LRH, 2020 WL 13547829, at *3 (citing *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "[W]hether good cause exists . . . is a factual matter to be decided by the nature and character of the information in question." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1315 (11th Cir. 2001).

As "the Federal Rules of Civil Procedure strongly favor full discovery whenever possible," the court must also be satisfied that, on balance, the interests of the party requesting the protective order outweigh the interests of the opposing party. *Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:23-CV-1145-WWB-DCI, 2024 WL 3856243 (M.D. Fla. Aug. 19, 2024) (citing *McCarthy v. Barnett Bank of Polk Cty.*, 876 F.2d 89, 91 (11th Cir. 1989)); *see also Classic Soft Trim, Inc. v. Albert*, No. 6:18-CV-1237-ORL78GJK, 2020 WL 6730978, at *2 (M.D. Fla. Oct. 8, 2020) ("[A] Court should only issue a protective order when the movant demonstrates, through affidavit or testimony, the specific harm that would result from disclosure or loss of confidentiality.").

The plaintiffs' amended complaint alleges knowledge of the alleged abuse through two specific allegations—Z.O.'s and Y.O.'s reports that Rodriguez Mercado touched them inappropriately. (Doc. 31, ¶¶ 23, 30). In

addition, the plaintiffs' amended answers to Webb's and Johnson's interrogatory no. 1 list Z.O., Y.O., and their mother as "individuals whom the Plaintiffs believe has [sic.] or may have knowledge or information pertaining to any fact alleged in the operative Amended Complaint and/or any other matters at issue in this action." (*See* Doc. 65, Exs. 6, 7). In response to Johnson's interrogatory no. 2, which requested the identity and contact information "of all individuals whom the Plaintiffs believe reported any alleged abuse to [] Johnson," the plaintiffs responded, "Plaintiffs do not have personal knowledge of any reports to [] Johnson; however, the evidence reflects that [] Johnson admittedly received multiple disclosures by minor children regarding the perpetrator committing acts of sexual abuse and inappropriate behavior." (*See* Doc. 65, Ex. 7). In response to interrogatory no. 3, which asked the plaintiffs to "state with specificity all facts supporting your contention that [] Johnson was on notice of any alleged risk posed by [] Rodriguez Mercado prior to November 2023," the plaintiffs direct to their response to interrogatory no. 2. (*Id.*).

It is apparent from the face of the pleadings, as well as the plaintiffs' discovery responses, that Z.O. and Y.O. are individuals with personal knowledge about their reports of Rodriguez Mercado's alleged inappropriate touching. There are no documents that can substitute for these witnesses'

accounts of these alleged conversations. Thus, Z.O.'s and Y.O.'s testimony is necessary to the School Board's ability to investigate, respond to, and defend against the plaintiffs' claims.

The balance of interests weighs in favor of these non-party witness depositions. However, given the minors' ages and the circumstances of this matter, good cause exists to impose certain protections for these depositions. Specifically, each non-party witness's deposition must be limited to *one* hour and *conducted via video conference* on a mutually agreeable date and time (within the discovery deadline) that the non-party witnesses would not need to miss school. The School Board and counsel must also abide by the "Stipulated Protected Order" attached to the response to the motion.[2] (*See* Doc. 65, Ex. 1). Thus, the non-party witnesses' motion for a protective order is granted only to the extent of the above-stated conditions.

## III. CONCLUSION

Accordingly, the non-party witnesses' motion to quash or for a protective order (Doc. 63) is **GRANTED in part** and **DENIED in part**, as provided in

---

[2] Z.O. and Y.O. were plaintiffs in *Doe v. The Sch. Bd. of Manatee Cnty., Fla.*, No. 8:24-cv-02540-CEH-LSG (M.D. Fla. Oct. 30, 2024), wherein this protected order was entered regarding the minor deposition.

this order.[3]

**ORDERED** in Tampa, Florida, on September 16, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge

[3] Each party and non-party will bear their own fees and costs associated with these depositions.